# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| COLLEEN BENEDICT and JOSEPH BENEDICT<br><br>      Plaintiffs,<br><br>vs.<br><br>ZIMMER, INC.,<br><br>      Defendant. | No. C04-0119<br><br>**ORDER** |

This matter comes before the court pursuant to defendant's July 19, 2005 motion for protective order and motion to quash subpoena for deposition of Phil Holinka (docket number 44). On July 22, 2005, plaintiffs resisted the defendant's motion (docket number 45). As set forth below, defendant's motion for protective order and to quash subpoena is denied.

### Factual & Procedural Background[1]

This case involves an allegedly faulty hip prosthesis that was designed and manufactured by the defendant, Zimmer, Inc. At the time of the plaintiff's surgical procedure to implant the hip replacement, two sales representatives delivered the prosthesis at issue, the tools to implant it, and remained present in the operating room, witnessing the implantation process. These sales representatives work for a wholly-owned subsidiary of the same holding company that owns the defendant.

On November 15, 2004, the court entered the scheduling order and discovery plan in this case, which set a July 1, 2005 deadline for the completion of discovery. On January 16, 2005, plaintiffs propounded their first set of interrogatories to defendant.

---

[1]As set forth in defendant's motion and plaintiffs' resistance.

Interrogatory No. 8 requested that the defendant identify all persons known or believed to have witnessed or have any knowledge about the factual basis for the liability and/or damage allegations in the petition and/or the factual basis for any allegations or affirmative defenses raised in defendant's answer including, but not limited to, liability, causation, or damages. Defendant did not identify the sales representatives in their response.

On March 2, 2005, plaintiffs propounded a second set of interrogatories to defendant which were specifically limited to ascertaining the identification of any Zimmer representatives who were present during the procedure, i.e., "identify the Zimmer representative who was either present or could be contacted on the day of the implantation of the device referred to in the complaint." Defendant responded that "no employee was present during the surgery of Plaintiff Colleen Benedict. Moreover, distributors of Zimmer products and their employees are independent contractors or employees thereof who are neither employed nor controlled by Zimmer." Defendant did not identify the sales representatives.

On May 10, 2005, plaintiffs' counsel sent a letter to defense counsel stating that the "intent of our second set of interrogatories was to identify the person who was at the surgery who provided the hip prosthesis that was eventually installed by Dr. Melhoff on Mrs. Benedict." Plaintiffs' counsel's letter also requested that defendant "provide that information including the name of the person's employer, if he/she was not employed by the Defendant."

On May 31, 2005, plaintiffs propounded a third set of interrogatories to the defendant requesting that defendant identify and provide the following information for all Zimmer representatives, partners, suppliers, contractors, sub-contractors, independent contractors, sales persons, quality control persons, or any other person who was either present during some or all of the implantation referred to in the Complaint, located at or near the hospital where and approximately when the implantation occurred, or was

otherwise designated as a possible contact on the day of the implantation regarding the implantation, procedure or device.

On June 6, 2005, defendant identified one of the sales persons by e-mail, but did not identify Mr. Holinka. On June 28, 2005, Mr. Holinka was identified by Kevin Harlow, during his deposition, as being present for Mrs. Benedict's surgery. Plaintiffs requested that Mr. Holinka's deposition be set, but defense counsel stated that they did not represent Mr. Holinka and would not schedule his deposition. They also refused to accept service of a subpoena for the deposition of Mr. Holinka.

On June 30, 2005, at 12:54 p.m., plaintiffs' counsel faxed a deposition notice and subpoena duces tecum to defense counsel, setting Mr. Holinka's deposition for 3:00 p.m. on that same day in Cedar Rapids, Iowa (or for a time, date, and place to be otherwise determined by agreement of the parties). On July 1, 2005, defense counsel informed plaintiffs' counsel that the defendant objected to the notice and subpoena as untimely. On July 5, 2005, the defendant formally disclosed and identified the two sales representatives, including Phil Holinka.

On July 6, 2005, plaintiffs' counsel faxed another deposition notice and subpoena duces tecum to defense counsel, setting Mr. Holinka's deposition for 2:00 p.m. on July 25, 2005 at the offices of Stanley, Lande & Hunter, P.C. in Davenport, Iowa (or for a time, date, and place to be otherwise determined by agreement of the parties). In a letter dated July 7, 2005, defense counsel advised plaintiffs' counsel that it was simply not feasible to conduct Mr. Holinka's deposition on the same day that two Rule 30(b)(6) depositions were scheduled to take place in Fort Wayne, Indiana. The letter further stated "[a]s I mentioned previously, Zimmer is considering the timeliness of the notice and may object or move to quash the notice on that basis or other bases." On July 8, 2005, plaintiffs' counsel responded by letter, which stated that "I intend to take all of the depositions, Holinka and the two representatives from Indiana, via video conferencing on

that date. I believe that I will be done with the two individuals from Indiana in the morning and will be able to push back Mr. Holinka's deposition to 3 p.m. that same day."

## MOTION TO QUASH - MOTION FOR PROTECTIVE ORDER

Defendant argues that the court should quash the subpoena served on Mr. Holinka and enter a protective order barring Mr. Holinka's deposition. Defendant contends that plaintiffs have played "fast and loose" with the court's scheduling order and that proceeding with Mr. Holinka's deposition will cause undue annoyance, burden and expense on both the defendant and the deponent. Plaintiffs resist the defendant's motion, arguing that it was the defendant who delayed discovery by failing to timely disclose Mr. Holinka, and that the court should not condone the delay by barring this discovery.

Fed. R. Civ. P. 30(b)(1) provides, in pertinent part:

> A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action.

Fed. R. Civ. P. 45(c)(1) provides, in pertinent part:

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.

Defendant's motion to quash is denied. Defendant has provided no justification for its refusal to timely identify Mr. Holinka. Upon finally learning of Mr. Holinka's identity (through another source), the plaintiffs noticed his deposition immediately and attempted to work with the defendant to depose Mr. Holinka at a mutually agreeable time and place. The defendant first stated that it did not represent Mr. Holinka and would not schedule his deposition, and instead filed this motion, in which it now represents Mr. Holinka. That defense counsel and the deponent will be required to spend time and money preparing for the deposition and responding to the subpoena duces tecum is not grounds for a protective order, but rather is part and parcel of litigation.

4

Upon the foregoing,

IT IS ORDERED that defendant's motion for protective order and motion to quash subpoena (docket number 44) is denied. Mr. Holinka shall be deposed at a mutually agreeable date prior to or including August 12, 2005, at a mutually agreeable location in Davenport, Iowa.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

**Copies mailed on:** 07.28.05   mem

**to counsel of record or pro se parties as shown on docket and other parties listed here:**